Wardlaw, J.
delivered the opinion of the Court.
In argument here, the defendant conceding very properly that the statute of uses does not apply to a term for years, has contended that by the deed, which is copied in the report, the legal interest of the term was conveyed to H. A. Johnson (in trust for Nancy Maberry,) only pur auter vie, and that at the death of Nancy, the cestui que vie, it passed to the children of H. A. Johnson, (by his wife Susan,) then living.
Can there be, at law, by deed, any remainder limited of a term after the assignment of an interest for life therein?
If not, the plaintiff to whom the interest for life was assigned, became entire owner of the term.
If yea, however, and “ the said heirs of II. A. Johnson” do (as the defendant contends,) mean “ the children and heirs of H. A. Johnson by his wife Susan” — do not these “ children and heirs” mean children who shall be heirs, and so denote uncertain persons, who cannot be ascertained before the death ofH. A. Johnson?
If this be so, and only an interest pur auter vie was assigned to Johnson (which shall be held at law not to exclude necessarily any subsequent limitation of the term,) who is owner of the term at this time, intermediate between the death of the cestui que vie and Johnson’s death? H.as it passed to Johnson the first taker, like personal goods which have been assigned only for a short time to the first taker, with void limitations but without expectation of reverter; or has it returned to the assignor or his executor ?
If “ the said heirs of H. A. Johnson” can however be made to mean his children merely, and the limitation of the term to them after the life estate be good at law, — are the childien who were meant, the living children at the date of the deed, or those living at the death of Nancy, or all born and to be born of Johnson and his wife Susan ?
These questions have not been argued, and this Court does not find it necessary now to decide them. The statement of them, however, shews the propriety of holding, if possible, that this deed is what the settlement of a term should be — that is, the assignment of the whole chattel to a trustee, to whom the whole legal interest and ownership are transferred,- with the declaration of certain trusts which Equity will enforce.
The words employed in this deed shew that H. A. Johnson was appointed “ trustee to carry into effect the purposes of the deedthat the “unexpired term” was assigned to him; and that the trusts, as to this term, were for Nancy during her *144 life, and after her death for “ the said heirs.” If then the persons be now ascertained, who were intended to enjoy after the death of Nancy, Equity will compel the trustee to admit them to present enjoyment. If they be not ascertained, none of the rules applicable at law to contingent remainders of freehold estates, will prevent Equity from dealing with this assignment of a chattel real, in such manner that the trustee shall be made to recognise the cestui que trusts whensoever they may be ascertained; and that if necessary, even the-shares of those who shall have been admitted to enjoyment,, shall be made to open and receive all who may afterwards become entitled under the deed to shares.
The legál interest of the term being then in the plaintiff, he was properly permitted to maintain this action.
The motion is dismissed. .
The whole Court concurred.

Motion refused.